IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRELL JONES, )<br>                                  )<br>          Plaintiff,    )<br>                                  )<br>v.                                  )     Case No. 20-1143-JAR-GEB<br>                                  )<br>UNITED STATES DEPARTMENT    )<br>OF JUSTICE,    )<br>                                  )<br>         Defendant.    )<br>                                  ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3, *sealed*). For the reasons set forth below, the Court recommends the motion to proceed *in forma pauperis* (**ECF No. 3**) be **DENIED** and this case be dismissed.

**I.    Background**

Plaintiff Terrell Jones brings this action against the United States Department of Justice ("DOJ"), claiming violation of his civil rights. (Compl., ECF No. 1.) In the two-paragraph statement of his claim, he contends he has "been wronged multiple times" by the DOJ, including through "invasion of privacy, multiple death threats and threats that a false charge or arrest may occur if [he]. . . sues for money that's owed to [him]." (*Id*. at 7.) He seeks $500,000 for emotional damages and damage to his personal reputation. Following the filing of his Complaint, Plaintiff submitted a list of Kansas laws and statutes he believes the Defendant has broken, citing what he describes as: K.S.A. § 21-

4113[1] (harassment by telephone); K.S.A. § 21-6101 (breach of privacy); K.S.A. § 4004[2] (criminal defamation); and K.S.A. § 21-6102 (denial of civil rights).  (ECF No. 4.)

In his Complaint, Plaintiff acknowledges one previously-filed case, No. 20-1097-EFM-KGG, *Jones v. Netflix Corp.*  (ECF No. 1 at 5.)  However, the cited case is not Plaintiff's only other case filed in this District Court.  In fact, since April 2020, this is Plaintiff's seventh case filed in this Court.  Other cases filed by Plaintiff include the following:

| **Case Number:** | **Case Name:** | **Status of Case:** |
|---|---|---|
| 20-1091-JAR-GEB | Jones v. Gaulden | filed 4/2/20; Undersigned Magistrate Judge found Complaint insufficient & ordered amendment; case closed 5/28/20 on Plaintiff's motion |
| 20-1097-EFM-KGG | Jones v. Netflix Corp. | filed 4/8/20; Magistrate Judge recommended dismissal based on insufficiency of Complaint; District Judge upheld the recommendation and case dismissed 4/23/20 |
| 20-1131-JAR-KGG | Jones v. Wichita | filed 5/18/20; Magistrate Judge recommended dismissal based on insufficiency of Complaint; District Judge upheld the recommendation and case dismissed 6/19/20 |
| 20-1133-JTM-GEB | Jones v. Epic Games | filed 5/21/20; case closed 6/1/20 on Plaintiff's motion to dismiss |
| 20-1138-EFM-KGG | Jones v. Sony Music | filed 5/26/20; case closed 6/3/20 on Plaintiff's motion to dismiss |
| 20-1142-JAR-KGG | Jones v. Wichita | filed 6/1/2020.  Magistrate Judge recommended dismissal based on insufficiency of Complaint; District Judge upheld the recommendation and case dismissed 6/22/20 |

---

[1] K.S.A. § 21-4113 was repealed and replaced by K.S.A. § 21-6206, Harassment by Telecommunication Device (West 2010).
[2] K.S.A. § 21-4004 was repealed and replaced by K.S.A. § 21-6103, Criminal False Communication (West 2010).

As described above, Plaintiff's prior Complaints have all been either found to be deficient and subsequently dismissed, or Plaintiff has dismissed the cases on his own motion.

## II.     Recommendation of Denial of *In Forma Pauperis* Status

Proceeding *in forma pauperis* in a civil case is a <u>privilege</u>, not a right.[3]  Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution, or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[4]  Particularly in civil cases for damages, "courts should grant the privilege 'sparingly,'"[5] but when considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds.[6]  Generally, the court compares an applicant's monthly income to his or her monthly expenses to determine whether the applicant lacks the financial ability to pay.[7]  But the decision whether to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court.[8]

Plaintiff's financial affidavit indicates he is not currently employed, and he lists no source of income aside from the recent government stimulus check.  (ECF No. 3, *sealed*).  However, he also lists minimal household expenses and says he is "unsure" regarding any

---

[3] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. June 7, 2007) (emphasis added) (citing *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998).
[4] *Id*. (citing 28 U.S.C. § 1915(a)(1)).
[5] *Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (citing *Buggs v. Riverside Hosp.,* No. 97–1088–WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997)).
[6] *Baldwin*, 2007 WL 1652145, at *1 (citing *Buggs*, 1997 WL 321289, at *1.
[7] *See Patillo*, 2002 WL 1162684, at *1 (comparing the plaintiffs' monthly household income to their monthly expenses) (citing *Buggs*, 1997 WL 321289, at *8).
[8] *Baldwin*, 2007 WL 1652145, at *1; *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

other debts or expenses. (ECF No. 3 at 5, *sealed*.)  He has previously been granted the ability to proceed without payment of the filing fee in four other recently-filed cases in this district (*supra*, Section I).[9]  But simply because he has been previously granted the privilege of filing without payment of fees does not permit him to engage in repetitive, meritless litigation.[10]  Although the Court has previously permitted him to proceed as an indigent filer, he has filed multiple legally-insufficient cases and, most recently, Magistrate Judge Kenneth G. Gale recommend he be designated a restricted filer, although the District Judge declined to do so.[11]  These filings "compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[12]

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's motion to proceed without payment of fees.[13]  Accordingly, the

---

[9] *See* No. 20-1091-JAR-GEB, ECF No. 3; No. 20-1097-EFM-KGG, ECF No. 4; No. 20-1131-JAR-KGG, ECF No. 4; No. 20-1142-JAR-KGG, ECF No. 4.

[10] *See Perry v. Pringle*, No. 13-1436-MLB-KMH, 2014 WL 129391, at *3 (D. Kan. Jan. 14, 2014) (U.S. Magistrate Judge recommended denial of plaintiff's *in forma pauperis* request, which was adopted by the District Judge) (citing *Webb v. Vratil,* 12–2588–EFM, Doc. 8, at 2 (citing *McWilliams v. State of Colo.,* 121 F.2d 573, 574 (10th Cir.1997)).

[11] *Jones v. City of Wichita*, No. 20-1142-JAR-KGG, 2020 WL 2850170, at *4 (D. Kan. June 2, 2020), *report and recommendation adopted,* No. 20-1142-JAR-KGG, 2020 WL 3412537 (D. Kan. June 22, 2020) (finding "Plaintiff's actions in filing these duplicative, frivolous, and legally insufficient cases have clearly placed an unnecessary burden on the Court and its personnel.") Although the District Court upheld the Recommendation and dismissed the case, the Court declined to impose filing restrictions at that time.  *See Jones v. City of Wichita*, No. 20-1142-JAR-KGG, 2020 WL 3412537 (D. Kan. June 22, 2020).

[12] *Perry*, 2014 WL 129391, at *3 (citing *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. April 11, 2013) (citing *Sieverding v. Colorado Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir.2006) (internal citations omitted)).

[13] *See Lister,* 408 F.3d at 1312 (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

undersigned magistrate judge **RECOMMENDS** the motion to proceed without prepayment of fees (**ECF No. 3**, *sealed*) be denied, pending review of the recommendation of dismissal herein.

### III. Sufficiency of Complaint and Recommendation of Dismissal

#### A. Legal Standard

When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[14]  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[15]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[16]  Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[17]  "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[18]

---

[14] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[15] *Jones v. City of Wichita*, No. 20-1142-JAR-KGG, 2020 WL 2850170, at *1 (D. Kan. June 2, 2020), *report and recommendation adopted,* No. 20-1142-JAR-KGG, 2020 WL 3412537 (D. Kan. June 22, 2020) (quoting *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment)).
[16] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[17] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[18] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[19] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[20] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[21]  Fed. R. Civ. P. 8 "demands more than naked assertions."[22]

Ultimately, the Court must ascertain whether Plaintiff's claim provides the Defendants with sufficient notice of his claims such that the Defendants could prepare an appropriate answer.[23]  Under Rule 8(a), a complaint must contain three minimal pieces of information:  (1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested.  If the Court finds any of these requirements absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[24] If the Complaint is "too general," then it does not accomplish these purposes.[25]   Similarly,

---

[19] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[20] *Id*.
[21] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[22] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[23] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[24] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[25] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).

"allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[26]

### B.   Discussion

After review of the Complaint in this matter, this Court finds the document, on its face, does not state a plausible claim or comply with the pleading requirements of Rule 8. Although Plaintiff generally claims his civil rights were violated, he gives no details about how the alleged violations occurred.  He does not identify a specific Defendant, aside from the huge government agency as the Department of Justice, and he does not outline a single supporting fact explaining how the DOJ specifically harmed him.  The absence of facts outlining what Defendant did to harm him makes it impossible for Defendant to have fair notice of what is being alleged against it.[27]  Furthermore, the statutes cited by Plaintiff are state criminal statutes, and as a private citizen he is unable to bring a criminal case.[28]

### C.   Conclusion

After careful review and being mindful that he proceeds on a pro se basis, the Court finds the Complaint presented by Plaintiff is insufficient.  Although he is required to "allege sufficient facts to state a claim which is plausible—*rather than merely*

---

[26] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

[27] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[28] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, *2 (Table) (10th Cir. 2000) ("private citizens cannot prosecute criminal actions")).

*conceivable*—on its face,"[29] Plaintiff submits no supporting facts at all. Therefore, the Court finds he has not stated a plausible claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiff Terrell Jones's claim against the defendant U.S. Department of Justice be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 3**, *sealed*) be **DENIED** as set forth above. However, his obligation to pay the filing fee is suspended pending the District Judge's review of this recommendation.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[30]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 1st day of September, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE

---

[29] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[30] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).